FILED '10 AUG 26 11:07 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEVEN KULIN,                                                           08-CV-6293-TC

          Plaintiff,

          v.                                                                  ORDER

DESCHUTES COUNTY, a political
subdivision of the State of Oregon,

          Defendant.

COFFIN, Magistrate Judge:

## INTRODUCTION

    Plaintiffs bring claims in this action pursuant to the American with Disabilities Act (42 U.S.C. Sections 12131-133)(ADA), the Fair Housing Amendments Act of 1988 (42 U.S.C. Sections 3601-3631)(FHAA) and 42 U.S.C. 1983.

    Plaintiff is a disabled business owner who operates his business from his home on a five acre lot. He has received notices of violation from defendant Dechutes County asserting that he has violated the County Code associated with his property. Plaintiff alleges in this action that a variance from

Page 1 - ORDER

the county's "home occupation code" that he obtained was insufficient to provide him with meaningful access to government programs and services and rendered him unable to use and enjoy his dwelling. Plaintiff also alleges, among other things, that the County should have established a specialized "accommodation procedure" to permit him to obtain his requests.

This court previously denied the vast majority of defendant Deschutes County's motion to dismiss/strike without prejudice to refile, if necessary, as a motion for summary judgment or at trial. Presently before the court is the remainder of the motion to dismiss/strike (contained in #41) which is directed at plaintiff's Section 1983 claim. After oral argument on the entire motion, the parties were allowed to file supplemental briefs regarding the viability of plaintiff's Section 1983.

## Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but should dismiss unless the complaint contains enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

Page 2 - ORDER

> 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

## DISCUSSION

The Section 1983 Claim

Plaintiff's Third Claim for Relief asserts the following as a violation of 42 U.S.C. Section 1983:

> The County, acting under color of state law, has deprived plaintiff of his property, liberty and/or due process rights, privileges and immunities secured by the Constitution or laws of the United States, specifically, the FHA and the ADA, by having a policy and/or custom and practice of refusing to accommodate the disabled in the application of its Code, by refusing to conduct fact-specific investigations of the impact of the Code on the disabled when the disabled persons request accommodation for a disability, and by forcing the disabled to amend the code and apply for a land use variance in order to receive accommodation.

Paragraph 66 of Third Amended Complaint.

In response to this court's request for additional support, plaintiff supplemented his opposition to the motion to dismiss with three District Court cases that plaintiff contends are Ninth Circuit authority holding that the ADA does not preclude an action under Section 1983. However, the three District Court cases largely turned on the facts of those specific cases and, more importantly, were decided well before the Supreme Court announced its decision in City of Rancho Palos Verdes v. Abrams, 125 S.Ct. 1453 (2005), a case plaintiff acknowledged in his brief. As noted by the Third Circuit, "[o]ver the past decade, the Supreme Court has further refined its guidance on how [courts] should decide whether Section 1983 relief is available for violations of statutory rights, most

Page 3 - ORDER

---
recently in Rancho Palos Verdes v. Abrams. " A.W. v. Jersey Public Schools, 486 F.3d 791, 797 (3rd Cir. 2007)(deciding that Section 504 of the Rehabilitation Act is not enforceable through Section 1983). The A.W. Court stated, "[f]ollowing Rancho Palos Verdes, we will ordinarily infer that when a private judicial remedy is available for statutory violations, this remedy is intended to be exclusive." 486 F.3d at 805. As a private judicial remedy is available, a Section 1983 claim does not lie in the action presently before this court.

## CONCLUSION

Defendant's motion (contained in #41) to dismiss/strike is allowed in that plaintiff's Section 1983 claim is dismissed.

DATED this 26 day of August, 2010.

THOMAS M. COFFIN
United States Magistrate Judge