IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN KULIN,                            )
                                         )
                    Plaintiff,           )    Civil No. 6:08-6293-TC
                                         )
            v.                           )    ORDER
                                         )
DESCHUTES COUNTY, a political            )
subdivision of the                       )
State of Oregon,                         )
                                         )
                                         )
                    Defendant.           )
_____ )

COFFIN, Magistrate Judge:

Presently before the court is plaintiff's motion (#170) for an award of costs and attorney fees pursuant to 42 U.S.C. §12205.[1]

---

[1] 42 U.S.C. §12205 provides: In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

## Legal Background

Federal courts have applied the standard "lodestar" methodology in determining a reasonable amount of attorneys' fees in an action under the ADA. <u>Dutton v. Johnson County Board of County Commissioners</u>, 6 A.D. Cases 213, 1995 WL 337588 (D. Kan. 1995) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984).

Plaintiff, as the party seeking fees, has the burden of showing that time spent by his attorneys was reasonably necessary. <u>Gates v. Deukmajian</u>, 987 F.2d 1392, 1397 (9th Cir. 1992); <u>Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.</u>, 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness the party must document the hours spent in the litigation and provide evidence supporting those hours. <u>Gates</u>, 987 F.2d at 1397. Defendant, as the party opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." <u>Id</u>. at 1397-98.

In determining the reasonableness of fees, the district court is not required to respond to each specific objection. <u>Gates</u> 987 F.2d at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. <u>Id</u>.

Calculating a "reasonable attorneys' fee" involves a two pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. <u>Blum</u>, 465 U.S. 886, 888 (1984). This

2 - ORDER

lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to take into account the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[2]

## DISCUSSION

In plaintiff's initial fee petition, he requested approximately $340,491 in fees and $14,820 in costs.

Defendant's objections to the fee petition did not quarrel with the hourly rates incurred by plaintiff's attorneys, but were instead based on the argument that the hours were excessive and duplicative, that plaintiff was not successful on all his claims, that a number of billed hours were either unrelated to this lawsuit or would have been incurred regardless of this lawsuit[3], and that counsel's "block billing" documentation made it sufficiently difficult to separate the wheat from the chaff that the court should slash any fee by 50%.

---

[2] The Kerr factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill requisite to performing the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or circumstances, 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

[3] E.g., pursuing a zoning variance.

3 - ORDER

After a hearing on the initial petition and cost bill in which the court gave direction to the parties regarding the categories of fees/costs that were outside the pale of an appropriate award, the plaintiff submitted a "second amended"[4] statement of fees and costs which reduced the requested fee award to $322,163 and the cost bill to $11,803. In addition, in response to this court's request that the parties confer to determine if they could agree on a discount in view of defendant's multiple objections (they couldn't) or to submit their suggested discount to the court, the plaintiff tendered a 5% discount (or $16,108). This results in a total fee request of $306,054.

Defendant objects to various categories of fees in the second amended petition on grounds that such fees are associated with work unrelated to the ADA claims in the case, pertain to communications with the media, were added after having been deducted by plaintiff in the first amended petition, are the product of mathematical errors, or are brand new time entries not found in the original petition. These amounts total $24,736.

I find these objections to be well-taken and accordingly reduce the request of the second amended fee petition from $322,163 to $297,427.[5]

Next, defendant advocates for a 33.3 % reduction in the fee award primarily based on the arguments that the County prevailed on the ADA

---

[4] Attached to Document #195.

[5] Defendant has a slightly different calculation which appears to be the result of a double deduction for mathematical errors in the petition. At any rate, the difference is insignificant.

4 - ORDER

procedural claim (i.e., the Court ruled that the County did not violate the ADA by requiring plaintiff to pursue a variance of its zoning regulations), and further that plaintiff should not receive fees associated with such land use proceedings as any applicant for a variance would have to incur this expense.

As to the latter point, the County's view of the land use proceedings in this case is somewhat revisionist. As this court noted in its Order (#168) granting summary judgment to plaintiff on his ADA accommodation claim, Kulin's efforts to obtain an accommodation which would allow him to enjoy the benefits of the home occupation program given his disability was stymied by the County's long-standing position that the ADA was inapplicable to land-use decisions. It was not until sometime after the hearings officer conducted proceedings that the County belatedly acknowledged the application of the ADA. Even then, however, the County's position was that the requested accommodations were unreasonable as such would set a precedent and cause a substantive rule change to its home occupation code.

Further, the County essentially maintained its narrow interpretation of the ADA in this action by asserting that Kulin could only prevail on his ADA claim if he proved that the County denied him the benefits of the home occupation program <u>solely by reason of his disability</u>. See discussion at p.p. 9-10 of Order (#168). In other words, the County contended that Kulin had to show that a non-disabled person would have gotten a variance and that he was denied one solely because of his disability. Thus, in the County's view, the ADA

5 - ORDER

applied only in the narrowest way to prevent intentional discrimination.

I point this out not to revisit the summary judgment issues already decided, but to highlight the rather formidable obstacles plaintiff encountered in pursuing a variance under the County's land use procedures. This was not a garden variety permit process "used by all citizens." The defendant's legal positions placed it quite distant from any interactive process that might have led to a mutually agreed-upon reasonable accommodation and caused the legal expenses to escalate accordingly. It seems fair to observe that Kulin and his attorneys were essentially functioning as pioneers in the application of the ADA to Deschutes County land use regulations. Hopefully, this case will result in more expeditious and less costly administrative proceedings in the future in connection with any similar applications by the disabled. Given, however, the novelty and complexities presented in the context of this case of first impression, I reject the County's arguments that the Court should discount the fees based on the necessity of plaintiff pursuing the variance process.

With respect to the issue of whether the fees should be discounted to reflect the fact that plaintiff was unsuccessful on his procedural ADA violation claims, the Court agrees that some discount should be applied in recognition of this outcome. In considering the percentage of reduction to apply, however, I make the following observations:

6 - ORDER

The plaintiff achieved virtually full relief through his ADA accommodation claim (the ruling that he could utilize all the requested storage place for his business and have five employees). Success on the procedural ADA claim would have added little, if anything, to that remedy.

Nevertheless, resources were expended, and discovery, research, and briefing were directed towards this ultimately unsuccessful claim. On balance, I agree this factor should warrant some fee reduction.

Finally, I turn to defendant's argument that the fee should be discounted to reflect "inefficiencies and unnecessary arguments" by plaintiff's counsel, including objection to routine requests for extensions of time and the filing of sur-replies and other briefs not permitted by the rules. As I observed previously, this controversy "has at times been contentious" and "(t)he issues have been proliferated to the point where the record is voluminous...." p.2 of Order (#68). I agree that plaintiff occasionally engaged in inefficient and unhelpful tactics, and such should likewise be reflected in a reduction of fees.

In view of the above, the Court finds that a total reduction of 10% to be reasonable under the circumstances ($29,742). Thus I award fees in the amount of $267,685.

Regarding the cost bill, defendant points out that plaintiff has increased the amounts of deposition costs and medical costs by $2,414 in his second amended statement fo fees and costs in comparison to his original cost bill. I agree that the cost categories should not be

7 - ORDER

increased at this stage of the proceedings and accordingly award costs in the amount of $9,389.

## CONCLUSION

Plaintiff's motion (#170) for attorney fees and costs is granted. The court awards $267,685 in fees and $9,389 in costs.

DATED this __20__ day of September, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

8 - ORDER